IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
OSK XIV, LLC,                    )
                                 )
          Plaintiff,             )
                                 )
     v.                          )     1:23cv949
                                 )
TDC BLUE IV, LLC, et al.,        )
                                 )
          Defendants.            )
```

**MEMORANDUM OPINION AND ORDER**

This case comes before the Court in connection with the Corporate Disclosure Statements (Docket Entries 2, 11) (collectively, the "Disclosure Statements") filed by OSK XIV, LLC (at times, the "Plaintiff") and TDC Blue IV, LLC (at times, the "Defendant"). For the reasons that follow, the Court will direct Plaintiff and Defendant to promptly supplement the Disclosure Statements.

**BACKGROUND**

Seeking to recover moneys allegedly due under a loan agreement, Plaintiff sued Defendant and an associated individual (collectively, the "Defendants") (see Docket Entry 1) (the "Complaint"), asserting in the Complaint that "[t]his Court has diversity jurisdiction under 28 U.S.C. § 1332(a)(1) because there is complete diversity of citizenship between the parties" (id., ¶ 6). As relevant here, the Complaint describes "Plaintiff OSK XIV, LLC [a]s a Minnesota limited liability company with an address

at 5050 France Avenue S., Edina, Minnesota 55410" (id., ¶ 3) and declares that "[n]one of Plaintiff's members is a citizen of or domiciled in North Carolina" (id.).[1] The Complaint further alleges that "Defendant TDC Blue IV, LLC is a Delaware limited liability company with an address at 5310 South Alston Avenue, Suite 210, Durham, North Carolina 27713" (id., ¶ 4), as well as that "TDC Blue's members are all citizens of or domiciled in North Carolina" (id.; see also id., ¶ 5 (describing individual defendant as "a natural person residing and domiciled in North Carolina")). Defendants admit these jurisdictional allegations. (See Docket Entry 9, ¶¶ 3-5 (admitting allegations in Paragraphs 4 and 5 of the Complaint and admitting allegations in Paragraph 3 of the Complaint "upon information and belief").)

Contemporaneously with filing the Complaint, Plaintiff filed its Corporate Disclosure Statement. (See Docket Entry 2.) Question 5 of the Court's then-existing[2] two-page Corporate Disclosure Statement form provides:

> In a case based on diversity jurisdiction, pursuant to Fed. R. Civ. P. 7.1(a)(2), the following is a list of all members or partners of _____ and their states of citizenship: (name of LLC or LP party)

---

[1] An affidavit in support of Plaintiff's motion for summary judgment likewise states that "[n]one of [Plaintiff's] members is citizen [sic] of or domiciled in North Carolina" (Docket Entry 20, ¶ 3).

[2] The Court has since revised its Corporate Disclosure Statement form. See https://www.ncmd.uscourts.gov/sites/ncmd/files/forms/Disclosure.pdf (last visited Jan. 23, 2025).

2

```
_____       _____
(name of member or partner)         (state of citizenship)
_____       _____
(name of member or partner)         (state of citizenship)
_____       _____
(name of member or partner)         (state of citizenship)
_____       _____
(name of member or partner)         (state of citizenship)
```

> Note: If there are additional members or partners, provide their names and states of citizenship on a separate page. If any of the members or partners are an LLC or LP, provide the names and states of citizenship of the members or partners on a separate page, using the same method to identify the citizenship of members or partners through any layered entities, traced back to corporations or individuals. *See Capps v. Newmark Southern Region, LLC*, [53 F.4th 299] (4th Cir. [2022]).

(Docket Entry 2 at 2 (certain spacing adjusted).)[3]

Plaintiff answered Question 5 as follows: "See Attached." (Id.) Rather than providing the requested information, however, the attached third page states: "The identities of Plaintiff's direct and indirect owners is confidential commercial information protected under [Rule] 26(c) [of the Federal Rules of Civil Procedure (the 'Rules')]. If required by the Court, Plaintiff is prepared to submit this information under seal." (Id. at 3.) Notwithstanding its obligation to promptly provide the requested citizenship information, see, e.g., Fed. R. Civ. P. 7.1(a)(2)(A) (requiring such disclosure "when the action is filed"), and its ability to file the disclosure statement under seal, see M.D.N.C.

---

3 Docket Entry page citations utilize the CM/ECF footer's pagination.

LR 7.7(c),[4] Plaintiff waited more than five months before it filed a "Supplement to Plaintiff's Corporate Disclosures" (Docket Entry 14 (the "Supplement") at 1 (bold and all-cap font omitted)). The Supplement provides "the following information in response to Question #5" (id.): a table with the headings "Limited Partner" (id.) and "State" (id.), which table spans three pages and lists more than sixty different entities (see id. at 1-3). These entities include multiple limited liability companies, limited partnerships, trusts, and other unspecified business organizations. (See id.)

For its part, Defendant failed to answer Question 5 on its Corporate Disclosure Statement. (See Docket Entry 11 at 2.)[5] Defendant did, however, respond affirmatively to Question 2, which asked if a "party ha[s] any parent corporation." (Id. at 1.) As for the accompanying directive to "identify all parent corporations, including grandparent and great-grandparent corporations," Defendant stated: "TDC Blue II, LLC (parent); TDC

---

[4] This Court's Local Rules mandate the filing of a disclosure statement that "identifies the name and, in diversity cases the citizenship of, all parties in the partnerships, general or limited, or owners or members of non-publicly traded entities such as LLCs or other closely held entities," M.D.N.C. LR 7.7(a)(2), and provides that "[a] party asserting a privacy interest in this information may file the disclosure statement under seal and must contemporaneously file a Motion to Seal setting out the basis for the request in compliance with Local Rule 5.4," M.D.N.C. LR 7.7(c).

[5] Defendant also waited nearly three weeks after filing its answer to file its Corporate Disclosure Statement. (Compare Docket Entry 9 at 8, with Docket Entry 11 at 2.)

4

Blue Member, LLC (grandparent); Dilweg Capital, LLC (great-grandparent); Dilweg Blue Pledge (great-grandparent); and TDC Blue Venture, LLC (great-grandparent)." (Id. (spacing corrected).)

Approximately one month after Defendant filed its Corporate Disclosure Statement and more than two months before Plaintiff filed its Supplement, the parties filed their "Joint Rule 26(f) Report" (Docket Entry 12 (the "Rule 26(f) Report") at 1 (bold and all-cap font omitted)). (Compare Docket Entry 11 at 2, and Docket Entry 14 at 3, with Docket Entry 12 at 4.) Under this Court's Local Rules, "[a]t the[ir] Rule 26(f) meeting, the parties [must] discuss," inter alia, "[c]onfirmation of the basis for federal subject matter jurisdiction, with review of Federal Rule 7.1 and Local Rule 7.7 disclosures in diversity cases, including citizenship of all members of an LLC and partners of a partnership." M.D.N.C. LR 16.1(b)(9). In response to this mandate, the Rule 26(f) Report states: "The basis of federal subject matter jurisdiction is diversity. The parties have reviewed the Federal Rule 7.1 and Local Rule 7.7 disclosures to confirm diversity, including citizenship of all members of an LLC." (Docket Entry 12 at 4.)

## DISCUSSION

"It is a fundamental precept that federal courts are courts of limited jurisdiction, constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively

5

granted by federal statute." In re Bulldog Trucking, Inc., 147 F.3d 347, 352 (4th Cir. 1998) (internal quotation marks omitted). Thus, the Court possesses "an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." Hertz Corp. v. Friend, 559 U.S. 77, 94 (2010); see also Constantine v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 480 (4th Cir. 2005) ("A federal court has an independent obligation to assess its subject-matter jurisdiction, and it will 'raise a lack of subject-matter jurisdiction on its own motion.'"); Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999) ("[T]he absence of jurisdiction may be raised at any time during the case, and may be based on the court's review of the evidence."). Importantly, no presumption of jurisdiction applies, see Pinkley, Inc. v. City of Frederick, 191 F.3d 394, 399 (4th Cir. 1999); instead, federal courts must determine if a valid jurisdictional basis exists and "dismiss the action if no such ground appears," Bulldog Trucking, 147 F.3d at 352; see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

As relevant here, "[f]ederal law permits federal courts to resolve certain nonfederal controversies between 'citizens' of different States." Americold Realty Tr. v. Conagra Foods, Inc., 577 U.S. 378, 379 (2016); see also 28 U.S.C. § 1332 (authorizing diversity of citizenship jurisdiction). "This rule is easy enough

6

to apply to humans, but can become metaphysical when applied to legal entities." Americold, 577 U.S. at 379. In short: "[w]hile humans and corporations can assert their own citizenship, other entities take the citizenship of their members." Id.; see also 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business[] . . . .").

This principle applies to, inter alia, (i) partnerships, see, e.g., Great S. Fire Proof Hotel Co. v. Jones, 177 U.S. 449, 456 (1900) ("When the question relates to the jurisdiction of a [federal court] as resting on the diverse citizenship of the parties we must look in the case of a suit by or against a partnership association to the citizenship of the several persons composing such association."), including limited partnerships, see id. at 457 (refusing to treat limited partnership as "corporation" for jurisdictional purposes, explaining that, to establish federal diversity jurisdiction, "it was necessary to set out the citizenship of the individual members of the partnership association of Jones & Laughlins, Limited, which brought this suit"); (ii) limited liability companies, see, e.g., General Tech. Applications, Inc. v. Exro Ltda, 388 F.3d 114, 121 (4th Cir. 2004) ("A limited liability company organized under the laws of a state is not a corporation and cannot be treated as such under section

7

1332 until Congress says otherwise. It is an unincorporated association, akin to a partnership for diversity purposes, whose citizenship is that of its members." (citation omitted)); see also, e.g., Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("We therefore join our sister circuits and hold that, like a partnership, an LLC is a citizen of every state of which its owners/members are citizens.") (collecting cases); and (iii) real estate investment trusts, see Americold, 577 U.S. at 382 ("This case asks us to determine the citizenship of Americold Realty Trust, a 'real estate investment trust' organized under Maryland law. As Americold is not a corporation, it possesses its members' citizenship." (citation omitted)).

Notably, "no action of the parties can confer subject-matter jurisdiction upon a federal court, and ordinary principles of consent, waiver, and estoppel do not apply." Constantine, 411 F.3d at 480 (internal quotation marks omitted). As such,

> [t]he failure of parties to urge objections to diversity of citizenship cannot relieve this [C]ourt from the duty of ascertaining from the record whether [a federal c]ourt could properly take jurisdiction of this suit . . . . The rule . . . is inflexible and without exception, which requires this [C]ourt, of its own motion, to deny its own jurisdiction[] . . . in all cases where such jurisdiction does not affirmatively appear in the record. . . .

Carden v. Arkoma Assocs., 494 U.S. 185, 195 (1990) (internal quotation marks and brackets omitted) (certain ellipses in original). Accordingly, the United States Supreme Court has long mandated that, "where jurisdiction depends upon the citizenship of

8

the parties, such citizenship, or the facts which in legal intendment constitute it, should be distinctly and positively averred in the pleadings, or they should appear affirmatively, and with equal distinctness, in other parts of the record." Chapman v. Barney, 129 U.S. 677, 681-82 (1889) (internal quotation marks omitted). Moreover, because an entity "cannot be a *citizen* of [a state], within the meaning of the statutes regulating jurisdiction, unless it be a corporation," Great S., 177 U.S. at 455 (emphasis in original), an assertion that an unincorporated entity "is a citizen of [a] state . . . ha[s] no sensible meaning" and "is not sufficient to show jurisdiction," id. at 454 (internal quotation marks omitted).

Thus, the Rules oblige parties in any action wherein "jurisdiction is based on diversity" to "file a disclosure statement," which "must name — and identify the citizenship of — every individual or entity whose citizenship is attributed to that party." Fed. R. Civ. P. 7.1(a)(2); see also M.D.N.C. LR 7.7(a) ("In all cases, a . . . limited liability company[] or other similar entity that is a party to, or that appears in, an action or proceeding in this Court shall file a statement that," inter alia, "identifies the name and, in diversity cases the citizenship of, all parties in the partnerships, general or limited, or owners or members of non-publicly traded entities such as LLCs or other closely held entities"). A party "must: (1) file the disclosure

9

statement with its first appearance, pleading, . . . response, or other request addressed to the [C]ourt; and (2) promptly file a supplemental statement if any required information changes." Fed. R. Civ. P. 7.1(b). Moreover, as this Court's Corporate Disclosure Statement form instructs, parties must provide the necessary identification information "through any layered entities, traced back to corporations or individuals" (Docket Entry 2 at 2).[6] See, e.g., Capps, 53 F.4th at 302 ("Because [the defendant] is an LLC, wholly owned by another LLC, wholly owned by a limited partnership, a partner of which is another limited partnership, [the court] necessarily trace[s the defendant's] citizenship through these layered entities.").

Plaintiff, a limited liability company, sued Defendant, another limited liability company, in this Court based on the purported existence of complete diversity. (See Docket Entry 1, ¶¶ 3-6.) As limited liability companies, Plaintiff and Defendant each take the citizenship of all of their members. See General Tech., 388 F.3d at 121. Per the Disclosure Statements and Supplement, Plaintiff and Defendant constitute layered entities, whose members include, at a minimum, additional limited liability companies and other unspecified entities. (See Docket Entry 11 at 1; Docket Entry 14 at 1-3.) Yet, despite the more than year-long

---

6 This directive remains unchanged on the revised Corporate Disclosure Statement form. See https://www.ncmd.uscourts.gov/sites/ncmd/files/forms/Disclosure.pdf (last visited Jan. 23, 2025).

10

pendency of this action and the clear mandates of Rule 7.1, Local Rule 7.7, and this Court's Corporate Disclosure Statement form, the parties have not provided necessary information regarding the identity and citizenship of their members. (See Docket Entries 2, 11, 14.) In this regard, their conclusory assertions that they "have reviewed the [patently insufficient D]isclosure[ Statements] to confirm diversity" (Docket Entry 12 at 4) and that "[n]one of Plaintiff's members is a citizen of or domiciled in North Carolina" (Docket Entry 1, ¶ 3) while "[Defendant's] members are all citizens of or domiciled in North Carolina" (id., ¶ 4) are simply "not sufficient to show jurisdiction," Great S., 177 U.S. at 454 (internal quotation marks omitted). See also Constantine, 411 F.3d at 480 ("[N]o action of the parties can confer subject-matter jurisdiction upon a federal court, and ordinary principles of consent, waiver, and estoppel do not apply." (internal quotation marks omitted)).

Thus, the current record does not establish the existence of complete diversity of citizenship among the parties, precluding a ruling on the substance of Plaintiff's pending motion for summary judgment. See, e.g., Nidy v. U.S. Bancorp Gov't Leasing & Fin., Inc., Nos. 19-1759, 20-2163, 20-2171, 20-2172, 2022 WL 2128837, at *1 (4th Cir. June 14, 2022) ("[T]he complaint does not allege either the citizenship of the parties or the amount in controversy, nor was counsel able to identify any other information in the

11

[relevant] complaint or record that could satisfy the requirements for diversity jurisdiction. Without such information, the district court could proceed no further." (citation omitted)). The Court will therefore direct Plaintiff and Defendant to file updated Corporate Disclosure Statements that provide the necessary information for assessing the existence of complete diversity of citizenship among the parties.

## CONCLUSION

Plaintiff and Defendant filed incomplete Disclosure Statements, which provide insufficient information regarding the parties' citizenship to assess the existence of jurisdiction under Section 1332.

**IT IS THEREFORE ORDERED** that, on or before, January 30, 2025, Plaintiff and Defendant shall each file an updated Corporate Disclosure Statement that "must name — and identify the citizenship of — every individual or entity whose citizenship is attributed to [it]," Fed. R. Civ. P. 7.1(a)(2), providing the same information "through any layered entities, traced back to corporations or individuals" (Docket Entry 2 at 2). Failure to follow this directive may result in dismissal of this lawsuit. See, e.g., M.D.N.C. LR 83.4(a)(3) (authorizing sanctions, including "order[s]

striking out pleadings . . . or dismissing the action," for failure to comply with Local Rules).

This 23rd day of January, 2025.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**
